# EXHIBIT A

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CHELY TIMOTHEE PAUL,                                     CASE No.:

      Plaintiff,

vs.

VITAS HOSPICE SERVICES, LLC

      Defendant.

_____/

## COMPLAINT

COMES NOW, The Plaintiff, CHELY TIMOTHEE PAUL, (hereinafter "Plaintiff"), by

and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure,

hereby files this Civil Action against Defendant, VITAS HOSPICE SERVICES, LLC (hereinafter

"Defendant" or "employer"), alleging violations of the Florida Civil Rights Act and hereby

challenges Defendant's continuing policy, pattern and practice of discrimination against Plaintiff's

protective class with respect to performance evaluations, pay, promotions, and other terms and

conditions of employment.

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00),

    exclusive of attorneys' fees, interest and costs; and therefore, this action is within the

    jurisdiction of this Court.

2. Plaintiff is a White Female, she was and continues to be, a resident of Broward County,

    Florida, and was an employee of Defendant, performing duties as a qualified personnel

    for the Defendant, within a company operated business facility, located in Broward

    County Florida.

1

3. Plaintiff is and was at all times material a member of a protected class under the Florida Civil Rights Act as a result of her Race and Color; White.

4. Defendant is a limited liability corporation, duly authorized to conduct business in the State of Florida.

5. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla Stat. Section 760.01, *et seq.*

7. Venue is proper in Broward County, Florida, pursuant to Fla. Stat. Section 47.011, and Section 47.051, because all of the actions complained of herein occurred within the jurisdiction of the Seventeenth Judicial Circuit, In and for Broward County, Florida.

8. Plaintiff has exhausted her administrative remedies by filing a timely charge with the appropriate agency.

9. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

10. Pursuant to Florida Statute Section 760.11(1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

2

11. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

12. Plaintiff was discriminated against by Defendant employer based on her Race and Color.

13. Plaintiff began working for Defendant on or about August of, 2013, as a qualified employee.

14. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven himself an exceptional and professional employee. Plaintiff performed her job well.

15. Plaintiff has a higher level of education than most other similarly situated coworkers and when Plaintiff asked for a raise, she was told funds were not available.

16. When other employees who were not White threatened to leave, the company would provide the funds and provide raises for them.

17. Non-white employees were promoted faster than Plaintiff was, even though they had less experience and lower levels of education than Plaintiff.

18. On or about July 1, 2021, Plaintiff had a meeting with her general manager and detailed the discrimination she was facing. Plaintiff explained that she was given more work than the other employees with the same title and position as Plaintiff.

19. Plaintiff also explained that she had been sabotaged and given the wrong times for team meetings.

20. Plaintiff then began having panic attacks as a result of the discrimination she was facing and had to take FMLA leave on or about August 28, 2021 and on November 2021, Plaintiff was approved for short term disability.

3

21. Plaintiff was then constructively discharged on December of 2021.

22. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon her Race and Color. Furthermore, Plaintiff was retaliated due to the exercise of her legal rights.

23. Plaintiff was subjected to repeated discriminatory slurs and terminated for complaining about the violation of his protected class rights.

24. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer.  Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

25. Plaintiff is informed and believes and thereon alleges that pursuant to the Florida Civil Rights Act, it is unlawful to harass employees based on their statutory protected class, and that employers must take all reasonable steps to prevent harassment from occurring. Plaintiff is further informed and believes and thereon alleges that the FCRA holds employers strictly liable for harassment by Plaintiff's direct supervisor or any other manager.

26. Defendant's principle and/or agent who made decision to terminate Plaintiff had knowledge of Plaintiff's protected activity.

4

27. The adverse employment action was motivated by Plaintiff's protected activity and/or complaints regarding discrimination.

28. As a direct and proximate result of Defendant, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

29. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

**COUNT I**
***DISCRIMINATION BASED ON RACE and COLOR IN VIOLATION OF THE FCRA***

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

31. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, national origin, racial considerations, or color-based reasons.

32. The Plaintiff possessed the requisite qualifications and skills to perform the position for The Defendant.

33. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non-White employees were allowed opportunities not given to Plaintiff due to Plaintiff's race and color.

34. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

5

35. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against The Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    B. Award Plaintiff as to this count prejudgment interest; and

    C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    E. Plaintiff demands a trial by jury.

### COUNT II
### *HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FCRA*

36. Plaintiff re-states and re-establishes all facts and pleadings as alleged in paragraphs no. 1 – 29 of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

38. Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

6

39. Defendant's actions and those of its agents are such that a reasonable person would find them severe and pervasive.

40. Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

41. As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

    A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

    B. Award Plaintiff as to this count prejudgment interest; and

    C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    E. Plaintiff demands a trial by jury.

7

F.  Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

## COUNT III
### *RETALIATION BASED ON PLAINTIFF'S PROTECTED CLASSES IN VIOLATION OF THE FCRA*

42. Plaintiff re-states and re-establishes all facts and pleadings as alleged in paragraphs no. 1 – 29 of this Complaint.

43. The Florida Civil Rights Act prohibits an employer from retaliating against an employee for engaging in protected activity under the Act. The law prohibits and addresses employers who punish their employees for properly reporting inappropriate conduct, making the victim even worse off.

44. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

45. The foregoing unlawful actions by Defendant were purposeful.

46. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant ad was the victim of retaliation thereafter, as related in part above.

47. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.   There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter, including without limitation her termination.

48. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

8

humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

49. Plaintiff engaged in protected activity under the Act by complaining to Defendant about the disparate treatment to which Plaintiff was subjected to and by speaking out against Defendant's failure to hold its own employees accountable for their discriminatory conduct that violates the FCRA.

50. Plaintiff's complaints to management clearly indicated to management that Plaintiff was discriminated against due to Plaintiff's membership in a protected group.

51. Plaintiff opposed, protested, and/or complained of discrimination or any unlawful conduct.

52. The FCRA's opposition clause protects employees, such as Plaintiff, who have opposed unlawful employment practices as detailed herein.

53. Upon information and belief, Defendant was aware of Plaintiff's protected activities.

54. Upon information and belief, Defendant retaliated against Plaintiff for engaging in these protected activities.

55. Defendant's actions have directly and proximately caused Plaintiff loss of income and other financial benefits, and have caused Plaintiff severe emotional distress, pain and suffering, embarrassment, humiliation, indignity, and damage to Plaintiff professional reputation.

56. Upon information and belief, Defendant's conduct was motivated by intentional, discriminatory animus that injured Plaintiff; their conduct was willful and outrageous; and their conduct was aggravated by evil motive, actual malice, or with reckless indifference to Plaintiff's legal rights.

9

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Florida Law.

E. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

F. Plaintiff demands a trial by jury.

Date: August 14, 2023

Respectfully Submitted,

/s/   Jorge L. Costa
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No. 533637
agp@rgph.law
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513
JCosta@rgph.law
**REMER, GEORGES-PIERRE &**
**HOOGERWOERD, PLLC**
2745 PONCE DE LEON BLVD
CORAL GABLES, FL 33134
Telephone: (305) 416-5000
*Counsel for Plaintiff*

10

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

CHELY TIMOTHEE PAUL
Plaintiff

Case # _____

Judge _____

vs.

VITAS HOSPICE SERVICES, LLC
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    N/A

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.** **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Anthony M Georges-Pierre    Fla. Bar # 533637
       Attorney or party           (Bar # if attorney)

Anthony M Georges-Pierre        08/14/2023
(type or print name)        Date

- 3 -

CACE-23-016918

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CHELY TIMOTHEE-PAUL,                          CASENO.: CACE-23-016918

       Plaintiff,

v.

VITAS HOSPICE SERVICES, LLC.,

       Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** VITAS HOSPICE SERVICES, LLC., through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
2745 PONCE DE LEON
CORAL GABLES, FL  33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _____

(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

AUG 23 2023

DATE

# RETURN OF SERVICE

**State of Florida**                    **County of BROWARD**                    **Circuit Court**

Case Number: CACE-23-016918

Plaintiff:
**CHELY TIMOTHEE PAUL,**

vs.

Defendant:
**VITAS HOSPICE SERVICES, LLC**



ROD2023000279

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process Global LLC on the 5th day of September, 2023 at 7:41 am to be served on **VITAS HOSPICE SERVICES, LLC., THROUGH ITS REGISTERED AGENT CORPORATIONS REVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, William J. Lord, do hereby affirm that on the **5th day of September, 2023 at 9:30 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Sheena Black** as **Customer Service Specialist** for **VITAS HOSPICE SERVICES, LLC., THROUGH ITS REGISTERED AGENT**, at the address of: **1201 Hays Street, Tallahassee, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

**William J. Lord**
**#067**

**Due Process Global LLC**
**P.O. Box 612576**
**Miami, FL 33261**

Our Job Serial Number: ROD-2023000279

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2c

Filing # 182540385 E-Filed 09/25/2023 05:53:51 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,FLORIDA


CASE NO.: CACE-23-016918


**CHELY TIMOTHEE-PAUL,**

      Plaintiff,

vs.

**VITAS HOSPICE SERVICES, LLC.,**

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

NOTICE IS HEREBY GIVEN that Patrick F. Martin, Esq. and Steven Cula, Esq. of the

law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. hereby enter this Notice of

Appearance as counsel for Defendant Vitas Hospice Services, LLC, and designate, pursuant to

Rule 2.516 of the Florida Rules of Judicial Administration, the following email addresses for the

purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

Primary email addresses:      pfmartin@ogletree.com

                          steven.cula@ogletree.com

Secondary email addresses:  robert.borroto@ogletree.com

                          veronica.alarcon@ogletree.com

                          denis.dasilva@ogletree.com

Dated: September 25, 2023.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd.
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

/s/ Patrick F. Martin
Patrick F. Martin
  Florida Bar No. 998729
  pfmartin@ogletreedeakins.com
Steven S. Cula
  Florida Bar No. 1002949
  steven.cula@ogletreedeakins.com

Counsel for Defendant

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2023, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Patrick F. Martin
Patrick F. Martin

3

## SERVICE LIST

*Chely Timothee-Paul v. Vitas Hospice Services, LLC.*
*CASE NO. CACE -23-016918*
*17th Judicial Circuit in and for Broward County, Florida*

Anthony M. Groerges-Pierre
agp@rgph.law
Jorge L. Costa
jcosta@rgph.law
REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Telephone: 305.416.5000

*Counsel for Plaintiff, Chely Timothee-Paul*

Method of Service: Florida E-Filing Portal

Patrick F. Martin
 pfmartin@ogletreedeakins.com
Steven S. Cula
 steven.cula@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd.
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant*

4

Filing # 187036836 E-Filed 11/29/2023 07:57:31 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE23016918**  DIVISION: **25**   JUDGE: **Olefson, Shari Africk (25)**

Chely Timothee Paul

Plaintiff(s) / Petitioner(s)

v.

**VITAS HOSPICE SERVICES, LLC**

Defendant(s) / Respondent(s)

_____/

## ORDER TO SERVE DEFENDANT(S)

THIS CAUSE is before the court for review based on its case management obligations. The Court finds that the Plaintiff has not served the Defendant(s) within 90 days of filing of the complaint. Plaintiff is hereby placed on notice that it must complete service of process within the next 30 days, to be in compliance with the 120-day time of service required by Florida Rule of Civil Procedure 1.070.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff shall serve Defendant(s) by the 120-day deadline. Failure to serve in compliance with Rule 1.070 may result in dismissal of unserved defendants, or dismissal of the entire action without prejudice, without further notice or hearing.

2. If Plaintiff is unable to serve by the 120-day deadline, Plaintiff may file a motion to extend service. The motion must contain specific detail showing good cause or excusable neglect for the failure and what steps have been taken and are being undertaken to serve. No extension will be granted unless a timely motion is filed which lays out the required detail, and the case or individual defendants may be dismissed for failure to serve. Failure to timely serve without a filing of good cause shall result in the case being dismissed without further notice or hearing as to any unserved defendant.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>29th day of November, 2023</u>.

<u>CACE23016918 11-29-2023 7:29 AM</u>
Hon. Shari Africk Olefson
**CIRCUIT COURT JUDGE**
Electronically Signed by Shari Africk Olefson

**Copies Furnished To:**
Anthony M Georges-Pierre , E-mail : jcosta@rgph.law
Anthony M Georges-Pierre , E-mail : agpassistant@rgph.law
Anthony M Georges-Pierre , E-mail : agp@rgph.law
Patrick F Martin , E-mail : veronica.alarcon@ogletree.com
Patrick F Martin , E-mail : pfmartin@ogletree.com
Patrick F Martin , E-mail : robert.borroto@ogletree.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: **CACE23016918**

JUDGE: **Olefson, Shari Africk (25)**

**Chely Timothee Paul**

Plaintiff(s),

vs.

**VITAS HOSPICE SERVICES, LLC**

Defendant(s).

_____/

UNDERLINE CASE MANAGEMENT ORDER:

## ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be held in Courtroom   15160 or https://17thflcourts.zoom.us/j/975531891   on   01-17-2024 8:45 AM  .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

Case Number: CACE23016918

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on   12-15-2023

CACE23016918 12-15-2023 10:30 AM

Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability, you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:
Anthony M Georges-Pierre, Email : jcosta@rgph.law
Anthony M Georges-Pierre, Email : agpassistant@rgph.law
Anthony M Georges-Pierre, Email : agp@rgph.law
Patrick F Martin, Email : pfmartin@ogletree.com
Patrick F Martin, Email : veronica.alarcon@ogletree.com
Patrick F Martin, Email : robert.borroto@ogletree.com

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CHELY TIMOTHEE PAUL,

CASE No.: CACE-23-016918

      Plaintiff,

vs.

VITAS HEALTHCARE CORPORATION
OF FLORIDA,

      Defendant.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, The Plaintiff, CHELY TIMOTHEE PAUL, (hereinafter "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Plaintiff's First Amended Complaint against Defendant, VITAS HEALTHCARE CORPORATION OF FLORIDA, (hereinafter "Defendant" or "Employer"), alleging violations of the Florida Civil Rights Act and hereby challenges Defendant's continuing policy, pattern and practice of discrimination against Plaintiff's protective class with respect to performance evaluations, pay, promotions, and other terms and conditions of employment.

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of attorneys' fees, interest and costs. Therefore, this action is within the jurisdiction of this Court.

2. Plaintiff is a Black Female individual, she was and continues to be, a resident of Broward County, Florida, and was an employee of Defendant, performing duties as qualified

1

personnel, (a qualified employee), for the Defendant, within a company operated business facility, located in Broward County Florida.

3. Plaintiff is and was at all times material a member of a protected class under 42 USC 1981, as a result of her Race and Color; Black.

4. Defendant is a limited liability corporation, duly authorized to conduct business in the State of Florida.

5. Venue is proper in Broward County, Florida, pursuant to Fla. Stat. Section 47.011, and Section 47.051, because all of the actions complained of herein occurred within the jurisdiction of the Seventeenth Judicial Circuit, In and for Broward County, Florida.

6. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

7. Plaintiff was discriminated against by Defendant employer based on her Race and Color. Throughout her employment Plaintiff was passed up for promotions and raises because of her Race and Color.

8. Plaintiff began working for Defendant on or about August of 2013, as an Admissions Nurse and transferred through different departments with the Defendant. Plaintiff often had negative interactions with the leadership team.

9. Plaintiff spoke to HR—The Defendant's HR director and Mrs. Katherine Coronado, the General Manager, at the time, and nothing was done to ameliorate the behavior against Plaintiff.

2

10. Plaintiff worked in several roles, and during Plaintiff's final employment position, the Plaintiff had the title of Sales Associate, and a role in the marketing department.

11. Plaintiff had to sit through several interviews when applying to different positions and was often denied higher promotion values because of Plaintiff's supervisors, including Donna (LNU).

12. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven himself an exceptional and professional employee. Plaintiff performed her job well.

13. Plaintiff is a highly qualified individual in her position and holds, at all times material, a degree in her field that affords her with greater qualifications than her similarly situated counterparts/coworkers. When Plaintiff requested a raise, she was told funds were not available and was overlooked for this raise.

14. When other employees who were non-Blacks requested some of these raises they were provided the raises almost immediately. Non-Black employees were promoted faster than Plaintiff was, even though they had less experience and held a lesser degree than Plaintiff's.

15. Plaintiff had a meeting with her general manager and detailed the discrimination she was facing.

16. Plaintiff also explained that she had been sabotaged and given the wrong times for team meetings by her supervisors.

17. Plaintiff was then constructively discharged on December of 2021.

18. Plaintiff while employed with Defendant was a victim of blatant, willful and unlawful discrimination based upon her Race and Color. Furthermore, Plaintiff was retaliated due to the exercise of her legal rights.

3

19. Plaintiff was subjected to repeated discriminatory slurs and terminated for complaining about the violation of her protected class rights.

20. Plaintiff believed defendant was committed to ensuring a respectful workplace for all employees, reported the illegal employer transgressions to various leadership members of Defendant executives with the expectation that human resources for Defendant would investigate Plaintiff's complaints and take appropriate remedial action. Instead of taking appropriate actions and investigating these serious issues Defendant's proclaimed stance on discrimination does not reflect the actual culture of the employer. Time after time Defendant has chosen corporate profits over doing the right thing and taking meaningful action to eradicate discrimination on its own.

21. As a direct and proximate result of Defendant, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

22. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

## COUNT I
### *DISCRIMINATION BASED ON RACE IN VIOLATION OF*
### *42 U.S.C. §1981*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

24. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

4

25. At all times material hereto, Plaintiff, was an "employee" within the meaning of 42 U.S.C. §1981.

26. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

27. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

28. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

29. Defendant crafted and implemented a plan to divest Plaintiff of a higher pay rate.

30. Plaintiff was singled out for treatment in a discriminatory manner by Defendant; Plaintiff was not promoted and had proposed raises continuously delayed.

31.  Plaintiff was replaced by another person outside of her protected class thereafter.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

33. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

34. The actions of the Defendant were based upon the Plaintiff being a black individual. The Defendant subjected the Plaintiff to race based animosity.

35. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

36. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff.  The Defendant did so

5

despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black individuals.

37. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

38. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

39. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

40. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected.

41. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

42. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

6

43. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

44. The Plaintiff has retained undersigned counsel to prosecute her claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C. Award Plaintiff as to this count prejudgment interest; and

    D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    F. Plaintiff demands a trial by jury.

**COUNT II**
***DISCRIMINATION BASED ON COLOR IN VIOLATION OF***
***42 U.S.C. § 1981***

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

46. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

47. At all times material hereto, Plaintiff, was an "employee" within the meaning of 42 U.S.C. §1981.

48. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

49. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

50. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

51. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her Color.

52. Plaintiff was replaced by another person outside of her protected class thereafter.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant, and its supervisory personnel were aware that discrimination on the basis of Color was unlawful but acted in reckless disregard of the law.

54. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

55. The actions of the Defendant were based upon the Plaintiff's Color, being a Black individual. The Defendant subjected the Plaintiff to Color based animosity.

56. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

57. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff. The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments.

8

58. The discrimination was based upon the Plaintiff's Color, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

59. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

60. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

61. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected when the work-place became hostile.

62. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

63. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

65. The Plaintiff has retained undersigned counsel to prosecute her claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

### COUNT III
### *RETALIATION IN VIOLATION OF 42 U.S.C. §1981*

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

67. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981. But for Plaintiff's Race and Color, Plaintiff would have been provided raises and promotions afforded to other individuals outside of her protected classes.

10

68. But for Plaintiff's complaints of discrimination and opposition to the treatment Plaintiff would have been promoted and given Plaintiff's proposed raises.

69. The Plaintiff engaged in multiple statutorily protected activities, (e.g. Plaintiff on more than one occasion objected to and opposed discriminatory treatment).

70. Defendant's failure to timely provide raises and promote Plaintiff, while paying other individuals with lesser qualifications at a higher rate than Plaintiff constitutes an adverse employment action.

71. Plaintiff's constructive discharge constitute an adverse employment action.

72. There is a causal connection between Plaintiff's multiple protected expressions/activities, and the suffered adverse employment action, Plaintiff's constructive discharge.

73. The Defendant and agents thereof, Retaliated against the Plaintiff by firing the Plaintiff as a result of the Plaintiff engaging in protected activities.

74. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Race and Color was unlawful but acted in reckless disregard of the law.

75. As a result of Defendant's actions, as alleged herein, Plaintiff has been (1) deprived of rights, (2) exposed to ridicule and embarrassment, and (3) has suffered emotional distress and damage.

76. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

77. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with

11

malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punishthe Defendant for its actions and to deter it, and others, from such action in the future.

78. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

79. Plaintiff demands trial by jury for all issues so triable.

Dated: January 17, 2024                                    Respectfully submitted,

                                                           /s/  Jorge L. Costa
                                                           Anthony M. Georges-Pierre, Esq.
                                                           Florida Bar Number: 0533637
                                                           Jorge L. Costa, Esq.
                                                           Florida Bar Number: 1031513

12

**REMER, GEORGES-PIERRE &**
**HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Tel. (305) 416-5000
E-Mail:   Jcosta@rgph.law
          Agp@rgph.law
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day 17th of January, 2024, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

/s/ *Jorge L. Costa*
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
Jorge L. Costa, Esq.
Florida Bar No.: 1031513

**Service List**

| Anthony M. Georges-Pierre, Esq. Florida Bar Number: 0533637 Jorge L. Costa, Esq. Florida Bar Number: 1031513 **REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC** 2745 Ponce De Leon Blvd. Coral Gables, Florida 33134 Tel. (305) 416-5000 E-Mail: agp@rgph.law jcosta@rgph.law *Counsel for Plaintiff* | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 9130 S. Dadeland Blvd. Suite 1625 Miami, Florida 33156 Telephone: 305.374.0506 Facsimile: 305.374.0456 Patrick F. Martin Florida Bar No. 998729 pfmartin@ogletreedeakins.com Steven S. Cula Florida Bar No. 1002949 steven.cula@ogletreedeakins.com *Counsel for Defendant* |
|---|---|

13

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CHELY TIMOTHEE PAUL,                        CASE No.: CACE-23-016918

       Plaintiff,

vs.

VITAS HEALTHCARE CORPORATION
OF FLORIDA,

       Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW, The Plaintiff, CHELY TIMOTHEE PAUL, ("Plaintiff"), and pursuant to

the Florida Rules of Civil Procedure, hereby moves the Court for leave to amend her Complaint

against the correct Defendant, VITAS HEALTHCARE CORPORATION OF FLORIDA,

("Defendant"). In support thereof, Plaintiff additionally states as follows:

1. Plaintiff originally commenced this action by bringing her discrimination and retaliation

claims under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA").

2. At bar, Plaintiff seeks leave to amend her Complaint, to change facts and articulate an

accurate reflection of the facts surrounding the bases of Plaintiff's claims against Defendant.

3. After service of process was effectuated and perfected in the instant matter, counsel for

Defendant filed a Notice of Appearance and conferred with the undersigned as to several factual

issues in Plaintiff's Complaint that required amendment.

4. Such issues required investigation, that was undertaken and took several weeks. Upon

finding that Plaintiff's Complaint required Amendment, the Plaintiff now moves for leave to

1

Amend Plaintiff's Complaint to reflect the correct Defendant as well as accurately reflect facts relevant to the matter at bar.

5. Counsel for Plaintiff moved *ore tenus* for leave to amend Plaintiff's Complaint at hearing on or about January 17, 2024, and files his Motion for Leave on the same date.

6. This relief is not being sought for delay or any other improper purpose. Defendant will not be prejudiced by this amendment.

## MEMORANDUM OF LAW

It is the policy of the courts to liberally permit amendments to pleading in the interest of justice so that the merits of a case may be considered; leave to amend a pleading should be freely given. *Brown v. Chamax, LLC*, 51 So. 3d 552 (Fla. 2d DCA 2010). Failure to allow amendment to pleading at least once is abuse of discretion unless it is clear from face of complaint that amendment would be fatal. *Posey v. Magill*, 530 So. 2d 985 (Fla. 1st DCA 1988).

Leave to amend should be freely given before or at hearing on motion for summary judgment. *Montero v. Compugraphic Corp.*, 531 So. 2d 1034 (Fla. 3d DCA 1988). Even upon entry of summary judgment, amendments to the pleadings should be allowed if there are reasonable indications in the record that a justifiable issue can be made upon amendment to conform to those facts appearing at the time of entry of judgment. *Mount Sinai Hospital of Greater Miami, Inc. v. Cordis Corp.*, 285 So. 2d 645 (Fla. 3d DCA 1973).

Leave to amend should be given freely where amendment will not change basic issue or materially vary grounds for relief originally asserted. *Odom v. Canal Ins. Co.*, 582 So. 2d 1203 (Fla. 1st DCA 1991). *See also, Quinlan v. Mott*, 375 So. 2d 589 (Fla. 5th DCA 1979) (Dismissal of complaint without leave to amend was error where it is apparent pleading deficiencies could be cured by amendment without essential departure from facts already alleged.); *Vermont Mut. Ins.*

2

*Co. v. Cummings*, 372 So. 2d 990 (Fla. 2d DCA 1979) (holding that amendments should be permitted liberally, and where it was not shown that deficiencies could not be cured, trial court should have granted leave to amend rather than dismissing with prejudice).

WHEREFORE, Plaintiff moves for leave to file the First Amended Complaint[1], and for any other relief deemed just and proper under the circumstances.

Dated: January 17, 2024                         Respectfully submitted,

                                                */s/  Jorge L. Costa*
                                                Anthony M. Georges-Pierre, Esq.
                                                Florida Bar Number: 0533637
                                                Jorge L. Costa, Esq.
                                                Florida Bar Number: 1031513
                                                **REMER, GEORGES-PIERRE &**
                                                **HOOGERWOERD, PLLC**
                                                2745 Ponce De Leon Blvd.
                                                Coral Gables, Florida 33134
                                                Tel. (305) 416-5000
                                                E-Mail:  Jcosta@rgph.law
                                                         Agp@rgph.law
                                                *Counsel for Plaintiff*

---

[1] Plaintiff Attaches the Plaintiff's Amended Complaint as Exhibit A, for inspection and convenience of this Honorable Court.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day 17th of January, 2024, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

/s/  Jorge L. Costa
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
Jorge L. Costa, Esq.
Florida Bar No.: 1031513

**Service List**

| | |
|---|---|
| Anthony M. Georges-Pierre, Esq.<br>Florida Bar Number: 0533637<br>Jorge L. Costa, Esq.<br>Florida Bar Number: 1031513<br>**REMER, GEORGES-PIERRE &**<br>**HOOGERWOERD, PLLC**<br>2745 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134<br>Tel. (305) 416-5000<br>E-Mail: agp@rgph.law<br>jcosta@rgph.law<br>*Counsel for Plaintiff* | OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>9130 S. Dadeland Blvd.<br>Suite 1625<br>Miami, Florida 33156<br>Telephone: 305.374.0506<br>Facsimile: 305.374.0456<br>Patrick F. Martin<br>Florida Bar No. 998729<br>pfmartin@ogletreedeakins.com<br>Steven S. Cula<br>Florida Bar No. 1002949<br>steven.cula@ogletreedeakins.com |

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

4

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: **CACE23016918**

JUDGE: **Olefson, Shari Africk (25)**

**Chely Timothee Paul**

Plaintiff(s),

vs.

**VITAS HOSPICE SERVICES, LLC**

Defendant(s).

_____/

UNIFORM CASE MANAGEMENT ORDER:

## ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be held in Courtroom ___ 15160 or https://17thflcourts.zoom.us/j/975531891 ___ on ___ 02-26-2024 8:45 AM ___ .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on   01-18-2024

CACE23016918 01-18-2024 2:07 PM

_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability, you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:
Anthony M Georges-Pierre, Email : jcosta@rgph.law
Anthony M Georges-Pierre, Email : agpassistant@rgph.law
Anthony M Georges-Pierre, Email : agp@rgph.law
Patrick F Martin, Email : pfmartin@ogletree.com
Patrick F Martin, Email : veronica.alarcon@ogletree.com
Patrick F Martin, Email : robert.borroto@ogletree.com

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>**CACE23016918**</u> DIVISION: <u>**25**</u> JUDGE: <u>**Olefson, Shari Africk (25)**</u>

**Chely Timothee Paul**

Plaintiff(s) / Petitioner(s)

v.

**VITAS HOSPICE SERVICES, LLC**

Defendant(s) / Respondent(s)

_____ /

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>

THIS CAUSE having come before the Court for Hearing on January 18, 2024, upon the Plaintiff's Motion to Amend the Complaint and the Court having reviewed the Motion, the Court file, and being otherwise duly advised in the premises, and upon agreement of the Parties it is hereby:

**ORDERED and ADJUDGED** that:

(1) Plaintiff's Motion for Leave to Amend is Granted;

(2) Plaintiff's First Amended Complaint is deemed filed as of January 18, 2024;

(3) Defendant shall file a response to Plaintiff's Amended Complaint within fifteen (15) days,

(4) If Defendant is to file a Motion to Dismiss, if shall be set when filed and heard within 30 days, and

(5) The Plaintiff will obtain a UTO within five (5) days of being at Issue; if not UTO is entered by Feb 15 Plaintiff will ensure the case is heard on the Courts Feb CMC docket

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>23rd day of January, 2024</u>.

<u>CACE23016918 01-23-2024 4:07 PM</u>
Hon. Shari Africk Olefson
**CIRCUIT COURT JUDGE**
Electronically Signed by Shari Africk Olefson

**Copies Furnished To:**
Anthony M Georges-Pierre , E-mail : jcosta@rgph.law
Anthony M Georges-Pierre , E-mail : agpassistant@rgph.law
Anthony M Georges-Pierre , E-mail : agp@rgph.law
Patrick F Martin , E-mail : pfmartin@ogletree.com
Patrick F Martin , E-mail : veronica.alarcon@ogletree.com
Patrick F Martin , E-mail : robert.borroto@ogletree.com

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY